## Commonwealth v. Dashiell

*Albert H. Masland, assistant district attorney,* for the commonwealth.

*John B. Mancke,* for defendant.

BAYLEY, *J.,* April 2, 1986 — On July 31, 1985, at approximately 2:00 a.m., Trooper Robert H. Day of the Pennsylvania State Police was operating an unmarked state police vehicle while on duty in the vicinity of the intersection of Interstate 81 and South Hanover Street in Cumberland County. He observed two vehicles very close together proceeding back-to-back up the southbound entrance ramp. Both vehicles proceeded onto the main traveled portion of this divided interstate highway where they stopped side-by-side, one in the right lane and the other in the left lane. The trooper then observed both drivers "put it to the floor." The trooper went up the ramp and headed south behind the two vehicles which were accelerating away from him as his speed reached 85 miles per hour. The two vehicles remained side-by-side for approximately a mile and a half past one exit until one of them pulled in back of the other vehicle as they approached the next exit. The trooper finally caught up with both drivers

and stopped them. He cited both under section 3367 of the Vehicle Code.[1] Having just observed the classic drag race, which would be recognizable as such by a visitor from Mars, the fun and games commence on the issue of whether one of the operators, David Albert Dashiell, was properly convicted for the offense he obviously committed.

Section 3367 of the Vehicle Code provides in pertinent part:

"(a) Definitions.—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

"Drag race. The operation of two or more vehicles from a point side-by-side at accelerating speeds in a competitive attempt to outdistance each other, or the operation of one or more vehicles over a common selected course, from the same point to the same point, for the purpose of comparing the relative speeds or power of acceleration of the vehicle or vehicles within a certain distance or time limit.

"Race. The use of one or more vehicles in an attempt to outgain, outdistance or prevent another vehicle from passing, to arrive at a given destination ahead of another vehicle of vehicles, or to test the physical stamina or endurance of drivers over long distance driving routes.

"(b) General rule.—No person shall drive a vehicle on a highway in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, exhibition of speed or acceleration, or for the purpose of making a speed record, and no person shall in any manner participate in any such race, competition, contest, test or exhibition."

---

1. 75 Pa.C.S. §3367.

Defendant maintains that the court erred in failing to grant his motion to quash. He argues that the citiation issued to him on July 31, 1985, was defective in that it failed to specify the speed at which he was going during this drag race and the applicable speed limit on the interstate highway. The record shows that this citation charged defendant under section 3367 (b)(D) of the Vehicle Code by specifically "driving on a highway in a race or contest." Over objection at the summary trial before a district justice, the citation was amended to add that defendant operated 0-85 miles per hour. The citation has not been amended with respect to what the applicable speed limit was on the interstate highway where the offense took place. Following his conviction in a de novo trial in this court, defendant maintains: (1) that the allowance of the amendment before the district justice was improper, (2) that the citation still fails to comply with 75 Pa.C.S. §3367, and (3) that the defects are jurisdictional and fatal to the commonwealth's case.

## DISCUSSION

Subchapter F of the Vehicle Code is titled "speed restrictions." It contains the following sections:

(1) Section 3361-Driving Vehicle at Safe Speed. This provision prohibits operating a vehicle at a speed greater than is reasonable and prudent under certain specified conditions.

(2) Section 3362-Maximum speed limits. This provision prohibits the operation of a vehicle above 35 miles per hour in any urban district, 55 miles per hour in other locations and above other maximum speed limits established under this subchapter.

(3) Section 3363-Alteration of maximum limits. This provision allows the Department of Transpor-

tation and local authorities on highways under their respective jurisdictions to set safe maximum speed limits based upon investigative studies as long as no maximum exceeds 55 miles per hour.

(4) Section 3364-Minimum speed regulation. This provision provides that no person shall operate a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic. It also allows the department and local authorities under certain circumstances to post minimum speed limits on highways under their respective jurisdictions.

(5) Section 3365-Special speed limitations. This provision establishes certain speed limits for bridges and elevated structures, school zones and on hazardous grades.

(6) Section 3366-Charging speed violations. This subsection provides in full:

"In every charge of violation of a speed provision in this subchapter, except for a violation of section 3361 (relating to driving vehicle at safe speed), the citation or complaint shall specify the speed at which the defendant is alleged to have driven and the applicable speed limit. (emphasis added).

(7) Section 3367-Racing on highways. Subsection (b) as cited aforesaid, is a provision on drag racing under which defendant was convicted.

(8) Section 3368-Speed timing devices. This subsection provides that in ascertaining the speed of a vehicle by use of a speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile. It also provides for the testing of speedometers and the use, approval and testing of mechanical, electrical and electronic devices for the determination of the speed of vehicles.

It is obvious that every section of subchapter F which is titled speed restrictions, is not a "speed

provision." Sections 3361 through 3365 are all "speed provisions" under subchapter F. Section 3366 then provides that for every charge of a violation of a speed provision in subchapter F, except section 3361, the citation or complaint shall specify the speed at which defendant is alleged to have driven and the applicable speed limit.

Section 3366 is clearly referring to those sections of subchapter F that are previously set forth, i.e., sections 3361 through 3365. The Legislature did not place section 3366 in the middle of subchapter F for no reason. The subsequent sections of subchapter F are not "speed provisions." Section 3368 sets forth the type of equipment that must be utilized to convict speeders. That certainly is not a speed provision; unlike sections 3361 through 3365, it does not set standards for the regulation of speed. Section 3367 prohibits racing on highways. Prohibiting racing no matter what the speed is not a speed provision, but rather a "racing provision."

The Legislature has quite properly determined that racing a vehicle on a highway at any speed violates section 3367. No minimum speed is set forth in the definition of drag racing or in the definition of any other type of exhibition or competition prohibited by the general rule in subsection (b) of section 3367. The speed at which somebody races on a highway is not an element of the prohibition against racing in any form; therefore, it is not necessary to plead the speed limit or prove how fast the parties were racing on a highway in order to satisfy all the elements of an offense under section 3367(b). The Legislature inserted section 3365 requiring allegations of speed and the speed limit for offenses for speed provisions under subchapter F, after it had

set forth those speed provisions in sections 3361 through 3365. The two subsequent sections of subchapter F are not speed provisions as that term is used in section 3366.

The facts of the present case are remarkably different from those of *Commonwealth v. Morris,* 268 Pa. Super. 269, 407 A.2d 1350 (1979), where a majority of a three-judge panel chose to discharge a defendant on a conviction under section 3367(b). In *Morris,* the court noted that it appeared that defendant and another person had pulled out of a gas station at about the same time with wheels spinning on gravel and then traveled a short distance and pulled into a diner all of which was observed from an adjoining parking lot by the arresting officer. In the present case, the trooper chased after two obvious drag racers and didn't even attempt to go faster than 85 miles per hour while they were still pulling ahead of him, side-by-side. Discretion can sometimes be the better part of valor when enforcing the law.[2] The trooper's strategy of reacting safely did not prevent him from ultimately catching up to the two drivers when they ended their race and slowed down in preparation for exiting the interstate highway. The trooper wisely chose not to risk his or anyone else's life and still was able to apprehend the racers.

These facts demonstrate pointedly that speed is only a collateral matter and not an element of the offense of racing because it is the racing, and the manner in which the vehicles are operated on a highway, that presents the danger to other persons.

---

2. See *Emery v. Borough of Lewistown,* 3 D.&C.3d 30 (1976), affirmed 247 Pa. Super. 623, 373 A.2d 1145 (1977).

The Legislature chose to prohibit such conduct in its racing provision of section 3367, which is not a speed provision as are sections 3361 through 3365. It is not surprising that the state trooper did not write on the citation the speed of defendant or the speed limit on the interstate highway, because as he testified at trial, he did not even attempt to legally clock the racers' speed nor did he even take note of where the speed limit signs were posted along the section of Interstate 81 where the race took place. Obviously, he had no need to take the risk of clocking the racers at an extremely high speed because the elements of the offense for this drag race were fulfilled the moment both racers "put it to the floor." Accordingly, defendant was properly convicted for violating section 3367(b) of the Vehicle Code.

## ORDER

And now, this April 2, 1986, defendant's motion in arrest of judgment, is denied.